IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00722-MSK-MJW

ALLEN GRIDER,
GLENN BELCHER, and
VALERIE PILTZ,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
DOUG KELLEY, and
CITY OF AURORA,

Defendants.

---

**ORDER REGARDING
DEFENDANT AURORA'S MOTION FOR DISQUALIFICATION OF COUNSEL
(DOCKET NO. 52)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter came on for hearing on October 14, 2010, on Defendant Aurora's Motion for Disqualification of Counsel (docket no. 52). The court has reviewed the subject motion, the response (docket no. 60), and the reply (docket no. 64). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion consistent with Fullmer v. Harper, 517 F.2d 20, 21 (10th Cir. 1975). At this hearing, each party had an opportunity to call any witnesses or produce other evidence in support of or in opposition to the subject motion, but the parties presented only oral argument concerning the subject motion;

4. That at this hearing, Plaintiffs' counsel, Mr. Swearingen, suggested, for the first time, that Plaintiff may be willing to enter into a factual stipulation that would render the subject motion moot. The court gave the parties until October 18, 2010, at 5:00 p.m. to file any factual stipulation with the court. The parties did not file a factual stipulation with the court, but instead the parties filed a Memorandum of Status of Proposed Stipulation of Facts (docket no. 66) that indicates that the parties are unable to enter into a factual stipulation that would render the subject motion moot;

5. That Plaintiffs filed this lawsuit on March 30, 2010, against Defendants City of Aurora and City of Denver because both cities have enacted restricted dog breed ordinances that prohibit or restrict ownership and possession of certain breeds, including Pit Bulls. Plaintiffs contend that these restricted dog breed ordinances violate Title II of the American with Disabilities Act ("ADA"). See

Complaint (docket no. 5);

6. That the Colorado Rules of Professional Conduct, with limited exceptions, prohibits a lawyer from "acting as [an] advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." C.R.P.C. 3.7(a). The United States District Court for the District of Colorado has adopted the Colorado Rules of Professional Conduct Rule 3.7(a). See D.C.COLO.LCivR. 83.4. Rule 3.7(a) requires a specific showing that it is "'likely' that the lawyer will be a 'necessary' witness." Miller v. Colorado Farms, 2001 WL 629463, *3 (D. Colo. Jan. 16, 2001) (quoting World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc., 866 F. Supp. 1297, 1302 (D. Colo. 1994). See Fognani v. Young, 115 P.3d 1268, 1272 (Colo. 2005). The Colorado Supreme Court held that the "necessary" language in new Rule 3.7(a) does not require "that the attorney's testimony be indispensable," but rather than "no other witness [or documentary evidence] could testify [or be used], and obviates disqualification if the lawyer's testimony is merely cumulative." Fognani, 115 P.3d at 1272.

There are three factors to consider when determining if an attorney is a "necessary" witness: (1) the nature of the case, with emphasis on the subject of the lawyer's testimony; (2) the weight that testimony might have in resolving disputed issues; and (3) the

availability of other witnesses or documentary evidence which might independently establish the relevant issues. Id. at 1274. Finally, the moving party must show that opposing counsel is "likely to be a witness" at trial. Id.;

"In summary, a lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere.'" Miller v. Colorado Farms, 2001 WL 629463, *3 (D. Colo. Jan. 16, 2001).

7. That in this case, a key and contested issue is whether an accommodation was offered to Plaintiff Grider and whether that accommodation was reasonable. The assessment of a reasonable accommodation by the court in the context of a disability discrimination claim is "a highly fact-specific inquiry." Oconomowoc Residential Programs v. Milwaukee, 300 F.3d 775, 784 (7th Cir. 2002) (Fair Housing Amendments Act claim) (citing Dadian v. Village of Wilmette, 269 F.3d 831, 838 (7th Cir. 2001) (Title II ADA claim);

8. That in this case, Defendant City of Aurora contends that it made a reasonable accommodation to Plaintiff Grider, but Mr. Grider disagrees with this contention;

9. That it is undisputed that Peter Morales, an assistant (Civil) City Attorney for the Defendant City of Aurora, and Plaintiffs' counsel, Jay Wayne Swearingen and Jennifer Reba Edwards, had a number

of discussions regarding "reasonable accommodations" for Plaintiff Grider through telephone calls, and Plaintiff Grider was not part of these discussions in early March 2010. Moreover, Plaintiffs have failed to produce specific documentary evidence or specific witnesses who participated in these discussions regarding "reasonable accommodations;"

10. That Peter Morales, Jay Wayne Swearingen, and Jennifer Reba Edwards will be key witnesses in this case concerning the issue of "reasonable accommodation" as to Plaintiff Grider; and

11. That Plaintiffs' argument concerning Fed. R. Evid. 408(a)(2) is overruled. The Defendant City of Aurora is **not** seeking to establish liability through these "reasonable accommodation" discussions between Defendant City of Aurora's Assistant City Attorney Mr. Morales and Plaintiffs' counsel, Mr. Swearingen and Ms. Edwards. Instead, Defendant City of Aurora intends to use these "reasonable accommodation" discussions in support of its defense under the ADA, which mandates reasonable modifications by public entities for qualified individuals with disabilities. See Greenlee v. Southwest Health Sys., 2007 WL 2320544, *2 (D. Colo. Aug. 10, 2007) (refusing to grant plaintiff's objection to the admissibility of a letter resolving the plaintiff's discrimination complaint).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Aurora's Motion for Disqualification of Counsel (docket no. 52) is **GRANTED**;

2. That Plaintiffs' Attorneys Jay Wayne Swearingen and Jennifer Reba Edwards are both disqualified and removed from representing Plaintiffs. The Clerk of Court shall remove both Mr. Swearingen and Ms. Edwards from the CM/ECF electronic notice list;

3. That Plaintiffs shall forthwith retain new legal counsel or be prepared to proceed pro se on all future motions, hearings and trial;

4. That each party shall pay their own attorney fees and costs for this motion;

5. That this matter is set for Status Conference before Magistrate Judge Watanabe on November 19, 2010, at 9:30 a.m. At the Status Conference, the Pro Se Plaintiffs shall be present, in person, and shall be prepared to inform this court whether they have retained new legal counsel or whether they intend on proceeding pro se. If the Pro Se Plaintiffs have retained new legal counsel prior to the Status Conference and such new legal counsel has entered his/her appearance with the court, then the Pro Se Plaintiffs are not required to be present at the Status Conference, but their new legal counsel shall be present at the Status

Conference.

Done this 25th day of October 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE