IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00722-MSK-MJW

ALLEN GRIDER,
GLENN BELCHER, and
VALERIE PILTZ,

Plaintiff(s),

v.

CITY AND COUNTY OF DENVER, and
CITY OF AURORA,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (docket no. 158) is DENIED for the following reasons.

This motion (docket no. 158) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

2

> Carelessness is not compatible with a finding of diligence and offers no
> reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations
and citations omitted).

This court finds that the plaintiffs have not satisfied this first step in the
analysis and have not established "good cause" to extend the deadline within which
they may seek leave to amend the complaint.  Plaintiffs filed the subject motion
(docket no. 158) with this court on January 30, 2013, almost two years after filing of
the Amended Complaint (docket no. 85), and more than eight months after entry of
the May 16, 2012 Scheduling Order (docket no. 106).  Plaintiffs argue that they
recently became aware of "newly discovered facts," which are outlined in the
proposed Second Amended Complaint.  However, in reviewing the time line and
procedural history of this case, this court finds that Plaintiffs were aware or should
have been aware of almost all of the facts that Plaintiffs argue support the subject
motion (docket no. 158) and Second Amended Complaint as of the date of that this
court entered the Rule 16 Scheduling Order (docket no. 106).  Plaintiffs were clearly
aware of the need to seek an amendment to the Amended Complaint at the Rule 16
Scheduling Conference back on May 16, 2013, or shortly thereafter, but Plaintiffs did
not seek any amendment to the Amended Complaint at the Rule 16 Scheduling
Conference or shortly thereafter.  Instead, Plaintiffs have waited until January 30,
2013.  There are currently fully briefed Motions to Dismiss (docket nos. 137 and140)
that are ripe for ruling by Chief Judge Krieger, and to allow an amendment to the
Amended Complaint at this late date would be highly prejudicial to the defendants.
Accordingly, I find that Plaintiffs' subject motion (docket no. 106) is untimely, without
merit, and should be denied.

The second step is consideration of whether the plaintiffs have satisfied the
standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when
> justice so requires."  Refusing leave to amend is generally only justified
> upon a showing of undue delay, undue prejudice to the opposing party,
> bad faith or dilatory motive, failure to cure deficiencies by amendments
> previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the
reasons stated above, this court finds that the proposed amendments should be
denied.

Date: March 19, 2013