IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00722-MSK-MJW

ALLEN GRIDER,

    Plaintiffs,

v.

CITY OF AURORA,

    Defendant.

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendant City of Aurora's Motion for Summary Judgment of Plaintiff Grider's Claim **(#141)**. The Plaintiff, Allen Grider, filed a Response **(#160)**, and the Defendant replied **(#165)**.

### I. Jurisdiction

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

The sole remaining claim in this case is a claim by Mr. Grider against the City of Aurora for a failure to accommodate his disability, in violation of Title II of the Americans with Disabilities Act (ADA) and 28 C.F.R. §35.130(b)(7). He is limited, however, to seeking retrospective relief for past injuries.[1] Aurora moves for summary judgment on Mr. Grider's claim, arguing that he cannot establish that an accommodation was necessary.

---

[1] In Orders dated March 30, 2012 **(#100)** and July 25, 2013 **(#181)**, the Court dismissed all other claims in this case. The Court found that the Plaintiffs either failed to state a claim for which relief could be granted, or they lacked standing to assert their claims. In the Order dated July 25, 2013, the Court also found that Mr. Grider lacked standing to seek prospective relief for his failure to accommodate claim against Aurora.

1

### III.  Material Facts

Having reviewed all the submissions of the parties, and having construed the evidence presented in the light most favorable to the Plaintiff, the facts material to this motion are as follows.

The City of Aurora restricts the presence of pit bull dogs.  Aurora City Ordinance § 14-75 provides that, "It shall be unlawful for any person to have, own, possess, keep, exercise control over, maintain, harbor, transport, or sell within the city any pit bull."[2]

Mr. Grider is a resident of Aurora, Colorado.  He is a Vietnam War veteran who suffers from Post-Traumatic Stress Disorder (PTSD) and other mental illnesses.  He uses a pit bull service dog.  According to Mr. Grider, in 2009, Aurora Animal Control seized and impounded his service dog for 10 days.  The dog was released to Mr. Grider's friend, who does not live in Aurora.  The dog stayed with his friend for over five months.  Although Mr. Grider did not have possession of his dog, he visited the dog every few days at his friend's house.  After this lawsuit was filed, the dog was returned to Mr. Grider.  He has alleged that during the time he was without his dog, he was confined to his home.

### IV.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party

---

[2] Since the filing of this action, Aurora has amended its ordinance to allow pit bull service dogs in the city if the owner/handler applies for and receives a license.  The owner/handler must comply with several requirements as a condition to receiving a license.

with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## V. Analysis

Mr. Grider's claim is brought under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Although the terms "services, programs, or activities" are not defined by the ADA, courts have understood those terms to mean "all of the operations of a local government." *Frame v. City of Arlington*, 657 F.3d 215, 225 (5th Cir. 2011).

Title II of the ADA does not contain a specific accommodation requirement. However, the Attorney General, at the instruction of Congress,[3] has issued an implementing regulation, 28 C.F.R. § 35.130(b)(7), that outlines the duty of a public entity to reasonably accommodate the disabled:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

Generally, to establish discrimination under Title II of the ADA on a failure to accommodate theory, a plaintiff has the burden of establishing that (1) he is a qualified individual with a disability, (2) due to the disability, he was denied the benefits of local government operations, (3) there is a reasonable accommodation that could have been made by the municipality that would permit him to enjoy such benefits, and (4) he has sought that accommodation from the municipality and has been denied. *See generally Tsombanidis v. West*

---

[3] *See* 42 U.S.C. 12134(a) ("[T]he Attorney General shall promulgate regulations in an accessible format that implement this part.").

*Haven Fire Dept.*, 352 F.3d 565, 578-79 (2d Cir. 2003); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272-80 (2d Cir. 2003).

In addition, the regulations implementing Title II of the ADA make clear that an accommodation is required only when necessary to avoid discrimination on the basis of disability, and that the accommodation must be reasonable. *See* 28 C.F.R. § 35.130(b)(7); *Wisconsin Community Services, Inc. v. City of Milwaukee*, 465 F.3d 737, 751-52 (7th Cir. 2006). The Seventh Circuit has reasoned that the language of 28 C.F.R. § 35.130(b)(7) links the necessity requirement to the causation inquiry. *Id.* 465 F.3d at 752. The regulation requires a modification only if it would prevent discrimination "on the basis of disability." The phrase "on the basis of" requires the plaintiff to show that, but for his disability, he would have been able to access the services or benefits desired. Thus, a plaintiff satisfies the "necessary" element by showing that the reason for the deprivation is his disability and that a modification would prevent such deprivation. *Id.*

Aurora alleges that Mr. Grider cannot prove that an accommodation was necessary to avoid discrimination on the basis of his disability.[4] Because the "necessary" element is tied to causation, Mr. Grider has the burden of coming forward with sufficient competent evidence to establish that, during the time his dog was seized, he was deprived of government services or benefits because of his disability. In other words, Mr. Grider would have to show that he could not access government services and benefits without the aid of his service dog.

The Court finds that Mr. Grider has failed to sustain his burden. Mr. Grider did not submit any evidence in response to Aurora's motion. Instead, he relies solely on the deposition transcript submitted by Aurora and the arguments of counsel. Having reviewed the transcript,

---

[4] For purposes of this motion, Aurora does not dispute that Mr. Grider is a qualified individual with a disability.

the Court finds that there is no evidence to establish that Mr. Grider could not access Aurora's services, programs, or activities without the assistance of his dog. Rather, the evidence shows the contrary, even when viewed in the light most favorable to Mr. Grider. Mr. Grider has alleged that, during the time his dog was seized, he was confined to his home, but he testified in his deposition that he travelled out of the city several times per week to visit his dog at his friend's house. Further, Mr. Grider testified that he is able to, and frequently does, access various public places without the assistance of his dog. For example, he frequently goes on overnight motorcycle trips with his friends. On such trips, sometimes he camps and sometimes he stays in a motel. He also has no problem getting to the grocery store and going shopping. On the current record, there is no evidence to establish that Mr. Grider was unable to access government services without the aid of his dog. Even assuming that Mr. Grider did suffer such deprivation, he has not shown that it was due to his disability. Because Mr. Grider has failed to sustain his burden of coming forward with sufficient evidence, the Court concludes that Aurora is entitled to entry of judgment as a matter of law on Mr. Grider's claim.

## VI. Conclusion

For the forgoing reasons, the Defendant City of Aurora's Motion for Summary Judgment of Plaintiff Grider's Claim **(#141)** is **GRANTED**.  Judgment shall enter in favor of Aurora on Mr. Grider's claim for a failure to accommodate under the ADA.  Because that claim was the sole remaining claim in this case, and all other issues being resolved, this case shall be closed.  The Clerk of Court is directed to close the case.

Dated this 30 day of July, 2013.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge