**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 10-cv-00722-MSK-MJW**

**ALLEN GRIDER;
GLENN BELCHER; and
VALERIE PILTZ,**

        **Plaintiffs,**

**v.**

**CITY OF AURORA,**

        **Defendant.**

---

**OPINION AND ORDER DENYING
MOTION FOR ATTORNEY FEES**

---

**THIS MATTER** comes before the Court on the Defendant City of Aurora's Motion for

Attorney Fees and Nontaxable Costs **(#194)**. The Plaintiffs did not respond to the motion.

**I. Background**

The Plaintiffs commenced this action in 2010, alleging that the Defendant's ordinances

restricting certain dog breeds violated Title II of the Americans with Disabilities Act (ADA). The

Plaintiffs asserted that the ordinance was discriminatory because it did not allow them to use

their restricted breed service dogs. After two years of litigation, the Defendant moved to dismiss

**(#140)** the claims of Plaintiff Glenn Belcher and Plaintiff Valerie Piltz. It also moved for

summary judgment **(#141)** as to the claims of Plaintiff Allen Grider. The Court granted both

motions. On July 25, 2013, the Court entered an Order **(#181)** dismissing Plaintiff Belcher's and

Plaintiff Piltz's claims for lack of subject-matter jurisdiction. On July 30, 2013, the Court

entered a second Order **(#182)** granting summary judgment in favor of the Defendant on Plaintiff

1

Grider's failure to accommodate claim under the ADA.  Judgment on this claim was entered by

the Clerk of the Court on July 31, 2013.

The Defendant now seeks an award of attorney fees and other nontaxable costs in the

amount of $132,447.33.

## II.  Analysis

The Defendant cites the fee-shifting provision of the ADA, 42 U.S.C. § 12205, as the

basis for an award of fees.  Section 12205 provides that, in an ADA action, "the court . . . , in its

discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation

expenses, and costs."  A prevailing defendant in a civil rights action may recover attorney fees

upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation,

even though not brought in subjective bad faith," or where the plaintiff "continued to litigate

after it clearly became so."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978);

*see also Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997)

(claims for attorney fees under ADA should be treated like claims for fees under Title VII or 42

U.S.C. § 1988).  Only rarely will this difficult standard be met.  *Mitchell v. City of Moore, Okla.*,

218 F.3d 1190, 1203 (10th Cir. 2000).  The plaintiff's action must be meritless in the sense that it

is groundless or without foundation.  The fact that a plaintiff may ultimately lose his case is not

in itself a sufficient justification for the assessment of fees.  *Houston v. Norton*, 215 F.3d 1172,

1174 (10th Cir. 2000).

As the prevailing party, the Defendant argues that the Plaintiffs' claims were frivolous,

unreasonable, and without foundation.  The Defendant contends that when the Plaintiffs' filed

their Complaint, they should have known that Plaintiffs Belcher and Piltz had never been denied

a reasonable accommodation by Aurora.  As to Plaintiff Grider, the Defendant argues that as of

June 20, 2012, the date of Mr. Grider's deposition, it became known that Mr. Grider did not need

his dog to access public services and programs in Aurora.  In ruling on the Defendant's motion

for summary judgment, the Court found that Mr. Grider had not provided sufficient evidence to

establish a genuine dispute of material fact as to his ability to access Aurora's programs and

services without his dog.  The Defendant contends that by continuing to litigate this case, the

Plaintiffs chose to ignore the evidence, as well as the requests by the Defendant to address the

deficiencies in the case.

The fact that the Plaintiffs' case was ultimately unsuccessful is not sufficient to warrant

an award of fees; nor does the fact that the Plaintiffs did not respond to this motion.  Instead, the

Court simply accepts as true the factual averments of the Defendant.  Nevertheless, having

reviewed the record and the pleadings, the Court does not find that an award of attorney fees is

warranted.  Admittedly, Plaintiffs' counsel struggled to adequately plead the Plaintiffs' claims,

the Court does not find that the claims and theories as presented were flawed from the inception

of the case.  And although Plaintiffs' counsel probably should have put forth better effort in

analyzing the jurisdictional requirements, the elements of the claims, and the facts necessary to

support such claims, the Court does not find the record completely devoid of evidence so as to

find that the Plaintiffs' action was "frivolous, unreasonable, or without foundation."

### III.  Conclusion

For the forgoing reasons, the Defendant's Motion for Attorney Fees and Nontaxable

Costs is **DENIED**.

Dated this 16th day of December, 2013.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge

4